E-FILED
Friday, 14 September, 2018  11:35:39 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JACOB PETERSON, ALLEN GOULDING, CURTIS HASSELBACHER, ARTHUR TODD MCKEE, PATRICK LEE, CURTIS CRAIG, and MICHAEL STEELE, | ) ) ) ) ) | |
| | ) | Case No.: |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, JACOB PETERSON, ALLEN GOULDING, CURTIS HASSELBACHER, ARTHUR TODD MCKEE, PATRICK LEE, CURTIS CRAIG, and MICHAEL STEELE, by and through their attorneys, Seth Halpern and Meredith Buckley of Malkinson & Halpern, P.C., complain of the Defendants, STEVEN VAN OPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa Corporation, and ANTHONY VANOPDORP, an individual ("Defendants"), as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115.1 *et seq.*, ("IWPCA"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for Defendants' failure to pay all earned wages and/or earned overtime wages to Plaintiffs, JACOB

PETERSON, ALLEN GOULDING, CURTIS HASSELBACHER, PATRICK LEE, CURTIS CRAIG and MICHAEL STEELE while they were employed by Defendants as local truck drivers (hereinafter ōLocal Driversö) for all time worked and time plus one-half for all time worked in excess of forty hours in individual work weeks.

2.      This lawsuit also arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*., (ōIMWLö), the Illinois Wage Payment and Collection Act, 820 ILCS 115.1 *et seq.*, (ōIWPCAö), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (ōFLSAö), for Defendantsø failure to pay all earned wages to Plaintiffs, JACOB PETERSON, PATRICK LEE and ARTHUR TODD MCKEE while working and employed by Defendants as interstate over-the-road truck drivers for all time worked in that capacity (hereinafter collectively referred to as the ōover-the-roadö drivers).

3.      This lawsuit also arises under the Illinois Wage Payment and Collection Act, 820 ILCS 115.1 *et seq.*, (ōIWPCAö), for Defendantsø failure to pay all agreed upon sums to Plaintiff, ARTHUR TODD MCKEE, an over-the-road driver, including agreed upon per diem allotments which were subsequently removed from his hourly payroll.

4.      Defendants own and operate a private trucking company headquartered at 17679 Highway 5, Atkinson, Henry County, Illinois.  Defendants contract with various farming and construction entities for the purpose of hauling materials to and from the designated sites utilizing trucks owned by Defendants.  Defendants also contract with various entities to make interstate over-the-road pickups and deliveries of material and/or items.  At relevant times, Plaintiffs were employed by Defendants as truck drivers, either solely as local drivers, interstate over-the-road drivers, or both.

5.      Plaintiffs bring this case on behalf of themselves, each individually.

2

## PARTIES

6.      Defendant, STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, is a private trucking company, incorporated in the State of Iowa, with its principal place of business located at 17679 Highway 5, Atkinson, Henry County, Illinois.

7.      Defendant, ANTHONY VANOPDORP, is the President of, and owns and operates STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING (hereinafter õVanOpdorp Truckingö)

8.      Defendant ANTHONY VANOPDORP (õVanOpdorpö) directly and/or indirectly acted and continues to act in the interest of VanOpdorp Trucking in relation to its employees. VanOpdorp, as owner and operator of VanOpdorp Trucking, allocated compensation to employees, made wage payment decisions, set policy and practices regarding employee pay and made, and continues to make, hiring and firing decisions for VanOpdorp Trucking.

9.      At all relevant times, Plaintiffs were Defendantsø õemployeesö as that term is defined by the IMWL, IWPCA and FLSA.

10.     At all relevant times, Defendants, VanOpdorp Trucking and VanOpdorp, were, and are, õemployersö as the term is defined by the IMWL, IWPCA and FLSA.

11.     Plaintiff, JACOB PETERSON (õPetersonö), is a resident of Henry County, Illinois, and was employed by defendants primarily as a local truck driver from approximately June of 2016 through part of January of 2017, and then primarily as an interstate over-the-road truck driver from  January of 2017 through March of 2018.

12.     Plaintiff, ALLEN GOULDING (õGouldingö), is a resident of Henry County, Illinois and was employed by defendants primarily as a local truck driver from approximately January of 2017 through August of 2017.

3

13.     Plaintiff, CURTIS HASSELBACHER ("Hasselbacher"), is a resident of Henry County, Illinois and was employed by defendants primarily as a local truck driver from approximately January of 2017 through August of 2017.

14.     Plaintiff, PATRICK LEE ("Lee"), is a resident of Henry County, Illinois and was employed by defendants primarily as an interstate over-the-road truck driver from approximately January of 2016 through September/October of 2016 and then primarily as a local truck driver from approximately September/October of 2016 through January of 2018.

15.     Plaintiff, CURTIS CRAIG ("Craig"), is a resident of Henry County, Illinois and was employed by defendants as a local truck driver during the period from approximately April of 2017 through March of 2018.

16.     Plaintiff, MICHAEL STEELE ("Steele") is a resident of Knox County, Illinois and was employed by defendants primarily as a local truck driver from approximately April of 2016 to October of 2016.

17.     Plaintiff, ARTHUR TODD MCKEE ("McKee"), is a resident of Knox County, Illinois and was employed by defendants primarily as an interstate over-the-road truck driver from approximately June of 2017 through March of 2018.

## FACTUAL BACKGROUND

18.     VanOpdorp Trucking is a trucking company whose business includes hauling grain and other agricultural products as well as equipment and materials for road and other construction projects.  VanOpdorp Trucking employs drivers like Plaintiffs to operate its trucks both locally and interstate ("over-the-road").

4

19.    During the applicable statute of limitations period, Defendants would primarily assign Plaintiff Local Drivers primarily to deliver and pick up loads of material or equipment to and from various work sites within a radius of 100 miles within Illinois on a daily basis.

20.    During the applicable statute of limitations period, Defendants would assign Plaintiffs, McKee, Lee and Peterson, to deliver and pick up loads of material or equipment to and from sites at locations in multiple states as over-the-road drivers.

21.    Defendants required Local Drivers to keep daily time sheets, and in the case of the over-the-road drivers, log book sheets, documenting the hours spent driving and delivering for VanOpdorp Trucking and submit those sheets to VanOpdorp Trucking for payment based upon their hourly wage rate.  Plaintiffs were employed and paid on a per hour basis, ranging from $13 to $17.50 per hour, depending upon the agreed upon rate with the employer, VanOpdorp Trucking.

22.    Defendant, VanOpdorp Trucking, by and through VanOpdorp, routinely and regularly instructed its office personnel, including but not limited to, Sean O'Brien, to reduce the number of hours submitted by each Plaintiff by an approximate average of 10% each day ("the docked time"), and further instructed office personnel to withhold and not pay compensation for the docked time.  As a result, each of the Plaintiffs were not paid for approximately 10% of the hours they actually drove and worked as employees of VanOpdorp Trucking each week.

23.    Plaintiff Local Drivers typically worked 50 or more hours per week driving, delivering and hauling on behalf of VanOpdorp Trucking.  Therefore, the docked time for the local drivers would have been overtime hours to be paid at one and one-half times their regular hourly rate of pay.

24.     Additionally, Defendants typically mandated that Plaintiff Local Drivers were not to be paid and were not to commence logging their time until they reached the first work site in the morning with their VanOpdorp Trucking trucks.  This meant that all pre-trip activities from the time the Local Drivers arrived at the VanOpdorp Trucking headquarters, including but not limited to picking up their VanOpdorp Trucking trucks, conducting required pre-trip inspections and driving to the day's initial location, were performed õoff-the-clockö and not compensated by Defendants. This pre-trip work time averaged, but often exceeded, thirty minutes each work day.

25.     Similarly, at the end of each work day, Defendants required that the Plaintiff Local Drivers stop counting their work hours once they returned to the VanOpdorp Trucking headquarters and reached the fueling station on premises.  However, the Local Drivers' workday was not concluded at this point, as they were further required to wait while the truck was fueled, then move the trucks on the yard, conduct post-trip inspections and other maintenance including but not limited to, cleaning trucks and trailers, unhooking and re-hooking trailers, cleaning truck windows, checking oil and coolant levels and checking trailer lights.

26.     Defendants knowingly and intentionally prohibited the Plaintiff Local Drivers from submitting their time for these post-trip tasks performed on VanOpdorp Trucking equipment and on the VanOpdorp Trucking premises, thereby requiring them to work this time off-the-clock, without payment.  This post-trip work time averaged 1 to 1-1/2 hours each work day.

27.     At all relevant times, Defendants intentionally and wrongfully docked Plaintiff Local Drivers' pay by altering and reducing the number of hours worked which were submitted by said Plaintiffs each week. Moreover, Defendants knew that in most cases, the hours docked from the local drivers were overtime hours, entitling Plaintiffs to a rate of pay for said hours

6

equal to one and one-half times their straight time hourly rate of pay. Additionally, Defendants intentionally and wrongfully docked the Plaintiff over-the-road drivers, including Peterson, McKee, and Lee by altering and reducing the number of hours worked which were submitted by said Plaintiffs each week/month while they drove over-the-road assignments, thus failing to pay them for all time worked.

28.     At all relevant times, Defendants knowingly required that Plaintiff Local Drivers each spend a minimum average of 1 to 2 hours each work day performing pre-trip and post-trip work for Defendants while off the clock and for which they received no pay.

29.     Plaintiffs were all subject to Defendants' uniform policies and practices and were victims of Defendants' intentional schemes to deprive them of regular and overtime pay.  As a result of Defendants' improper and willful failures to pay Plaintiffs in accordance with the requirements of Federal and Illinois wage and hour law, Plaintiffs suffered lost wages and other damages.

30.     Continually and throughout their employment, Plaintiff local drivers complained to VanOpdorp Trucking office personnel, including defendant, ANTHONY VANOPDORP, about having their hours õshortedö and not being paid for pre-trip work and post-trip work performed for VanOpdorp Trucking.  Similarly, continually and throughout their employment as over-the-road drivers, Plaintiffs Peterson, Lee and McKee complained to VanOpdorp Trucking office personnel, including defendant, ANTHONY VANOPDORP, about having their hours õshortedö and not being paid for the full time worked.  However, in both instances, Defendants continued to short their pay and require them to work off the clock.

**JURISDICTION AND VENUE**

31.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b).  Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this district.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**COUNT I**
**(Illinois Minimum Wage Law)**

1-31.     Plaintiffs, JACOB PETERSON, ALLEN GOULDING, CURTIS HASSELBACHER, PATRICK LEE, CURTIS CRAIG, MICHAEL STEELE, and ARTHUR TODD MCKEE hereby re-allege and incorporate paragraphs 1-31 of this Complaint as paragraphs 1-31 of Count I, as if fully set forth herein.

32.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

33.     Defendants are "employers" and Plaintiffs are "employees" under the IMWL, 820 ILCS § 105 *et seq.*

34.     Illinois Statute 820 ILCS § 105 *et seq.* requires employers to pay employees minimum wage for all hours worked.

35.     Section 105/4(a) requires employers to pay employees one and one-half times their regular rate for all hours worked over forty hours per individual work week.

36.     Defendants violated Illinois Statute 820 ILCS § 105 *et seq.* by regularly and repeatedly failing to compensate Plaintiffs for the actual time they worked each week.

37.     In the case of the Local Drivers, Defendants specifically violated Illinois Statute 820 ILCS § 105 *et seq.* by intentionally, regularly and repeatedly failing to compensate said Plaintiffs for pre- and post-trip work time as outlined, above.

8

38.     In the case of the Local Drivers, Defendants further violated Illinois Statute 820 ILCS § 105 *et seq.* by intentionally, regularly and repeatedly failing to compensate said Plaintiffs for overtime at one and a half times their regular, hourly rate, for all hours worked per week in excess of forty hours during the violation period and for which no compensation was received or for which only straight time was received.

39.     Additionally, Defendantsø policy and practice of docking and/or eliminating hours from all Plaintiffsø timesheets and, thereby, docking Plaintiffsø earned wages, violated Illinois Statute 820 ILCS § 105 *et seq.*

40.     As a direct and proximate result of Defendantsø unlawful conduct, Plaintiffs have suffered and continue to suffer lost wages and other damages.

WHEREFORE, Plaintiffs, JACOB PETERSON, ALLEN GOULDING, CURTIS HASSELBACHER, PATRICK LEE, CURTIS CRAIG, MICHAEL STEELE and ARTHUR TODD MCKEE, individually pray for judgment against the Defendants, STEVEN VAN OPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING and ANTHONY VANOPDORP, and each of them, as follows:

      a.    Declaring and finding that the Defendants committed one or more of the following acts:

            i.    violated provisions of the Illinois Minimum Wage Act, 820 ILCS § 105 *et. seq.* by failing to pay minimum wage to Plaintiffs for all time worked;

            ii.    violated provision of the  Illinois Minimum Wage Act, 820 ILCS § 105 *et. seq.* by failing to pay overtime wages to Plaintiff Local Drivers; and

            iii.    violated provisions of the Illinois Minimum Wage Act, 820 ILCS § 105 *et. seq.*, by eliminating hours from Plaintiffsø pay calculations.

      b.    Awarding each Plaintiff compensatory damages, including all regular and overtime pay owed, in an amount according to proof;

c.  Awarding each Plaintiff interest on all regular and overtime compensation due accruing from the date such amounts were due as provided by the IMWL;

d.  Awarding each Plaintiff all costs and reasonable attorneys' fees incurred in prosecuting this claim; and

e.  Providing such other relief as the Court deems just and equitable.

## COUNT II
### (Illinois Wage Payment and Collection Act)

1-31.  Plaintiffs, JACOB PETERSON, ALLEN GOULDING, CURTIS HASSELBACHER, PATRICK LEE, CURTIS CRAIG, MICHAEL STEELE and ARTHUR TODD MCKEE hereby re-allege and incorporate paragraphs 1-31 of this Complaint as paragraphs 1-31 of Count II, as if fully set forth herein.

32.  This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

33.  At all relevant times Defendants are and were "employers" and the Plaintiffs are and were "employees" under Illinois statute 820 ILCS § 115/1 *et seq.*

34.  Illinois Statute 820 ILCS § 115/1 *et seq.*, Illinois Wage Payment and Collection Act, defines wages as "any compensation owed to an employee pursuant to an employment contract or agreement between the two parties..."  Payment to separated employees is termed "final compensation" and is defined as "wages, salaries, earned commissions, earned bonuses and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties."

35.  Illinois statute 820 ILCS § 115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned.  Illinois Statute 820 ILCS

§115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

36. At all times relevant, there was an agreement between Defendants, on the one hand, and Plaintiffs on the other hand, that Defendants would pay them an hourly wage in exchange for all time worked as truck drivers, and there was no agreement allowing Defendants to dock and/or eliminate time actually worked from Plaintiffs' wage calculations.

37. Defendant routinely "docked" all Plaintiffs' time without justification in an effort to avoid paying them for all the time they actually worked. Defendant breached its agreement to pay Plaintiffs an agreed upon hourly wage for all time worked by "docking" pay to Plaintiffs without justification or agreement in an effort to avoid paying them for time they actually worked.

38. Defendants breached its agreement to pay Plaintiffs by routinely eliminating hours worked and requiring Plaintiffs to work off the clock, and/or incorrectly calculating the total time worked by them.

39. Defendant violated Illinois Statutes 820 ILCS § 115 *et seq.* by regularly and repeatedly failing to compensate Plaintiffs for the actual time they worked each week within 13 days of the date such compensation was earned and by failing to properly compensate them their rightful wages by the next scheduled payday after their separation.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs each have suffered and will continue to suffer lost wages and other damages.

WHEREFORE, Plaintiffs, JACOB PETERSON, ALLEN GOULDING, CURTIS HASSELBACHER, PATRICK LEE, CURTIS CRAIG, ARTHUR TODD MCKEE and

MICHAEL STEELE, individually pray for judgment against the Defendants, STEVEN VAN

OPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING and ANTHONY

VANOPDORP, and each of them, as follows:

      a.    Declaring and finding that the Defendants violated provisions of the Illinois Wage Payment and Collection Act 820 ILCS § 115 *et seq.* by õdockingö Plaintiffsø pay and failing to pay Plaintiffsø wages for all time worked;

      b.    Awarding compensatory damages to each Plaintiff, including all wages owed, in an amount according to proof as provided by statute;

      c.    Awarding each Plaintiff interest on all regular and overtime compensation due accruing from the date such amounts were due;

      d.    Awarding each Plaintiff all costs and reasonable attorneysø fees incurred in prosecuting this claim; and

      e.    Providing for such relief as the Court deems just and equitable.

## COUNT III
### (Fair Labor Standards Act)

1-31.    Plaintiffs,   JACOB   PETERSON,   ALLEN   GOULDING,   CURTIS

HASSELBACHER, PATRICK LEE, CURTIS CRAIG, ARTHUR TODD MCKEE and

MICHAEL STEELE hereby re-allege and incorporate paragraphs 1-31 of this Complaint as

paragraphs 1-31 of Count III, as if fully set forth herein.

32.    This count arises from Defendantsø violation of the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq.* in failing to pay all Plaintiffs for the actual time they worked and in the case

of the Plaintiff Local Drivers, overtime wages for all time worked in excess of forty hours in

individual work weeks.

33.     Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* by regularly and repeatedly failing to compensate Plaintiffs for the actual time they worked each week.

34.     In the case of the Local Drivers, Defendants specifically violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* by intentionally, regularly and repeatedly failing to compensate said Plaintiffs for pre- and post-trip work time as outlined, above.

35.      In the case of the Local Drivers, Defendants further violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* by intentionally, regularly and repeatedly failing to compensate said Plaintiffs for overtime at one and a half times their regular, hourly rate, for all hours worked per week in excess of forty hours during the violation period and for which no compensation was received or for which only straight time was received.

36.     Plaintiff Local Drivers were directed by Defendants to work in excess of forty hours per individual work week, including pre- and post-trip time as discussed, above.

37.     Defendants routinely õdockedö all Plaintiffsø time without justification or agreement in an effort to avoid paying them for all the time they actually worked.

38.     Pursuant to 29 U.S.C. § 207, Plaintiffs are entitled to be compensated at their regular pay rate for all time worked, including any õdockedö time, and for the Plaintiff Local Drivers, at a rate of one and one half times their regular pay rate for all time worked in excess of forty hours in individual work weeks.

39.     Defendants knowingly and willfully violated the Fair Labor Standards Act by õdockingö and/or eliminating all Plaintiffsø time worked by purposefully refusing to pay Plaintiffs for all time worked and, in the case of Plaintiff Local Drivers, purposefully refusing to pay overtime wages for time worked in excess of forty hours in an individual work week.

WHEREFORE, Plaintiffs, JACOB PETERSON, ALLEN GOULDING, CURTIS HASSELBACHER, PATRICK LEE, CURTIS CRAIG, ARTHUR TODD MCKEE and MICHAEL STEELE, individually pray for judgment against the Defendants, STEVEN VAN OPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING and ANTHONY VANOPDORP, and each of them, as follows:

a.   Declaring and finding that the Defendants violated provisions of the Fair Labor Standards Act, 29 U.S.C., § 201, *et seq.* by õdockingö Plaintiffsø pay and failing to pay Plaintiffsø wages for all time worked;

b.   Compensating each of the Plaintiffs the amount owed for all time worked;

c.   Compensating each Local Driver one and one-half times his hourly rate for all time worked in excess of forty hours per individual work week;

d.   Awarding each Plaintiff liquidated damages in an amount equal to the amount of unpaid wages and overtime wages found due;

e.   Awarding each Plaintiff reasonable attorneysø fees and costs incurred in this action; and

f.   Providing for such relief as this Court deems appropriate and just.

## COUNT IV
### (McKee-Illinois Wage Payment and Collection Act)

1-31.   Plaintiff, ARTHUR TODD MCKEE (õMcKeeö) hereby re-alleges and incorporate paragraphs 1-31 of this Complaint as paragraphs 1-31 of Count IV, as if fully set forth herein.

32.   This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

33.   At all relevant times Defendants were õemployersö and Plaintiff McKee was an õemployeeö under Illinois statute 820 ILCS § 115/1 *et seq.*

34.     Illinois Statute 820 ILCS § 115/1 *et seq.*, Illinois Wage Payment and Collection Act, defines wages as õany compensation owed to an employee pursuant to an employment contract or agreement between the two parties...ö  Payment to separated employees is termed õfinal compensationö and is defined as õwages, salaries, earned commissions, earned bonuses and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties.ö

35.     Illinois statute 820 ILCS § 115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned.  Illinois Statute 820 ILCS §115/5 provides that õevery employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.ö

36.     At all times relevant, there was an agreement between Defendants, on the one hand, and Plaintiff McKee on the other hand, that Defendants would pay McKee a *per diem* amount each week for meals and expenses.  This amount was to be paid in addition to McKeeøs hourly wage for time spent driving õover-the-roadö on extended trips as an employee of VanOpdorp Trucking. The agreed upon amount was $350 per week and was known and agreed upon by VanOpdorp, himself.

37.     Nevertheless, VanOpdorp instructed his business staff to reduce McKeeøs weekly earned wages by $350 each week in order to offset the per diem he paid McKee for meals and expenses.

38.     Defendants breached their agreement to pay McKee a *per diem* meal and expense allotment by offsetting said amount from his earned, hourly wage.

15

39.     Defendants violated Illinois Statutes 820 ILCS § 115 *et seq.* by failing to pay him the agreed upon extra $350 per week and by failing to properly compensate him for this amount within thirteen days from the next scheduled pay period or the next scheduled payday after his separation.

40.     As a direct and proximate result of Defendantsø unlawful conduct, Plaintiff McKee has suffered and will continue to suffer lost wages and other damages.

WHEREFORE, Plaintiff, ARTHUR TODD MCKEE prays for judgment against the Defendants, STEVEN VAN OPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING and ANTHONY VANOPDORP, and each of them, as follows:

a.      Declaring and finding that the Defendants violated provisions of the Illinois Wage Payment and Collection Act 820 ILCS § 115 *et seq.* by refusing to pay him the agreed upon additional compensation of $350 per week as stated, above;

b.      Awarding compensatory damages to Plaintiff McKee, including all amounts owed, in an amount according to proof as provided by statute;

c.      Awarding Plaintiff McKee interest on all compensation due accruing from the date such amounts were due;

d.      Awarding Plaintiff McKee all costs and reasonable attorneysø fees incurred in prosecuting this claim; and

e.      Providing for such relief as the Court deems just and equitable.

## COUNT V
### (Mckee-Fair Labor Standards Act)

1-40.  Plaintiff, ARTHUR TODD MCKEE (õMcKeeö) hereby re-alleges and incorporates paragraphs 1-40 of Count IV as paragraphs 1-40 of Count V, as if fully set forth herein.

41.     This Count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in failing to properly compensate Plaintiff McKee for the actual time he worked.

42.     At all times relevant, there was an agreement between Defendants, on the one hand, and Plaintiff McKee on the other hand, that Defendants would pay McKee a *per diem* amount each week for meals and expenses.  This amount was to be paid in addition to McKee's hourly wage for time spent driving "over-the-road" on extended trips as an employee of VanOpdorp Trucking. The agreed upon amount was $350 per week and was known and agreed upon by VanOpdorp, himself.

43.     Nevertheless, VanOpdorp instructed his business staff to reduce McKee's weekly earned wages by $350 each week in order to offset the per diem he paid McKee for meals and expenses.

44.     Consequently, Defendants routinely "docked" Plaintiff McKee's payroll without justification in an effort to avoid paying him for all the time he actually worked.

45.     Pursuant to 29 U.S.C. § 207, Plaintiff McKee is entitled to be compensated at his regular pay rate for all time worked, including any "docked" time.

46.     Defendants' failure and refusal to pay Plaintiff McKee for all time worked violated the Fair Labor Standards Act.

47.     Defendants knowingly and willfully violated the Fair Labor Standards Act by "docking" and/or eliminating part of Plaintiffs' earned payroll each week as an offset for the agreed upon *per diem*, thereby purposefully refusing to pay Plaintiff for all time worked.

WHEREFORE, Plaintiff, ARTHUR TODD MCKEE prays for judgment against the Defendants, STEVEN VAN OPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING and ANTHONY VANOPDORP, and each of them, as follows:

a.  Compensating Plaintiff McKee the amount owed for all time worked and for which he was not paid as a *per diem* offset;

b.  Awarding Plaintiff McKee liquidated damages in an amount equal to the amount of unpaid wages found due;

f.  Awarding Plaintiff McKee reasonable attorneys' fees and costs incurred in this action; and

g.  Providing for such relief as this Court deems appropriate and just.

## COUNT VI
### (MCKEE-Illinois Minimum Wage Act)

1-47.   Plaintiff, ARTHUR TODD MCKEE ("McKee") hereby re-alleges and incorporates paragraphs 1-47 of Count V as paragraphs 1-47 of Count VI, as if fully set forth herein.

48.   This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

49.   Defendants are "employers" and Plaintiff McKee is an "employee" under Illinois Statute 820 ILCS § 105 *et seq.*

50.   Illinois Statute 820 ILCS § 105 *et seq.* requires employers to pay employees minimum wage for all hours worked.

51.   Defendants violated Illinois Statute 820 ILCS § 105 *et seq.* by regularly and repeatedly failing to compensate Plaintiff McKee for the actual time he worked each week by docking and reducing his hours to the equivalent of $350 per week as an offset for the agreed upon *per diem* amount.

18

52.     Defendantsø policy and practice of docking and/or eliminating said income from Plaintiff McKeeøs actual hourly pay violated Illinois Statute 820 ILCS § 105 *et seq.*

53.     As a direct and proximate result of Defendantsø unlawful conduct, Plaintiff McKee has suffered and continue to suffer lost wages and other damages.

WHEREFORE, Plaintiff, ARTHUR TODD MCKEE prays for judgment against the Defendants, STEVEN VAN OPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING and ANTHONY VANOPDORP, and each of them, as follows:

a.     Declaring and finding that the Defendants violated provisions of the Illinois Minimum Wage Act, 820 ILCS § 105 *et seq.* by docking and reducing his pay to the extent of $350/week;

b.     Awarding compensatory damages to Plaintiff McKee, including all amounts owed, in an amount according to proof as provided by statute;

c.     Awarding Plaintiff McKee interest on all compensation due accruing from the date such amounts were due;

d.     Awarding Plaintiff McKee all costs and reasonable attorneysø fees incurred in prosecuting this claim; and

e.     Providing for such relief as the Court deems just and equitable.

**Plaintiff demands trial by jury.**

Dated:  September 14, 2018

By:    s/Seth R. Halpern
One of Plaintiff's Attorneys

Seth R. Halpern
John Malkinson
Meredith W. Buckley
MALKINSON & HALPERN, P.C.
33 North Dearborn Street, Suite 1540
Chicago, Illinois 60602
(312) 427-9600
(312) 750-1912 fax
shalpern@mhtriallaw.com
ARDC No.: 6198939