E-FILED
Monday, 01 July, 2019  04:57:41 PM
Clerk, U.S. District Court, ILCD

# *Confidential*

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE, hereinafter referred to as "Agreement," is entered into by and between STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, hereinafter collectively referred to as "Employer," and CURTIS CRAIG, ALLEN GOULDING, CURTIS HASSELBACHER, ARTHUR TODD MCKEE, PATRICK LEE, JACOB PETERSON, and MICHAEL STEELE, hereinafter individually referred to as "Driver" or collectively as "Drivers."

WHEREAS, Drivers were employed by Employer at various times from approximately June 2016 until March 2018;

WHEREAS, Drivers have filed a complaint in the United States District Court for the Central District of Illinois, Rock Island Division (Case No. 4:18-cv-04187) alleging certain violations of their rights under certain federal and state laws during the time that they were employed by Employer.

WHEREAS, the parties desire to settle fully and finally any and all differences between them, including, but not limited to, the case filed by Drivers against Employer in the above-entitled case.

NOW, THEREFORE, in consideration of the mutual promises, and other good and valuable consideration hereinafter described, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1

1.    Employer shall pay to Drivers, in addition to any wages or benefits already paid, the sum of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($ 100,000.00), distributed to each Driver as indicated in the table below, less customary payroll withholding, THIRTY-FOUR THOUSAND FORTY-SIX AND 42/100 DOLLARS  ($ 34,046.42) of which shall be paid to Seth R. Halpern (with an IRS Form 1099 to accompany such payment), and the balance shall be paid to Drivers fourteen (14) days from the later of court approval of this Settlement Agreement and Release pursuant to an Agreed Order or expiration of the seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement.

**Table 1.  Distribution to Drivers (Before Withholding & Halpern Disbursement)**

| DRIVER | DISTRIBUTION |
|---|---|
| Curtis Craig | $9,421.94 |
| Allen Goulding | $9,421.94 |
| Curtis Hasselbacher | $9,421.94 |
| Patrick Lee | $9,421.94 |
| Arthur Todd McKee | $9,421.94 |
| Jacob Peterson | $9,421.94 |
| Michael Steele | $9,421.94 |
| **TOTAL** | $65,953.58 |

2.    This Settlement Agreement shall not be in effect until the later of expiration of the seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement or the date Employer has received a Court Order approving this Settlement Agreement pursuant to an Agreed Order.

### 3.   GENERAL RELEASE BY DRIVERS

(a)     In consideration of the payment made by Employer, as set forth in Section 1 above, each Driver hereby releases and forever discharges the "Company Releasees" hereunder, defined as consisting of the Employer and, as the case may be, each of its associates; owners; parents; stockholders; affiliates; divisions; subsidiaries; predecessors; successors; assigns; agents; directors; officers; partners; employees; insurers; representatives; lawyers; employee welfare benefit plans and pension or deferred compensation plans under section 401 of the Internal Revenue Code of 1986, as amended, and their trustees, administrators and other fiduciaries and all persons acting by, through, under or in concert with them, or any of them, of and from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liability, claims, demands, damages, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent (hereinafter called "Claims"), which each Driver now has against the Company Releasees, or any of them, by reason of any matter, cause, or thing whatsoever from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer, including any claims constituting, arising out of, based upon, or relating to Title VII of the Civil Rights Act, as amended; the Equal Pay Act, as amended; the Employee Retirement Income Security Act, as amended; the Fair Labor Standards Act as amended, the Illinois Minimum Wage Law, as amended, the Illinois Wage Payment and Collection Act, as amended, and/or all other local, state, or federal law governing employment and/or the payment of wages or benefits. The above release does not include any amount to which each Driver may be entitled to under the Employer's retirement plan (s) as such rights are established by the Plan Documents.

3

(b)     Each Driver acknowledges that he has received all compensation and benefits due him through the date of his termination and, without limiting the generality of the foregoing, each Driver acknowledges that he has received all vacation benefits he is entitled to receive and each Driver also acknowledges that he is not entitled to receive anything further from the Employer except as provided in this Agreement.

(c)     IN ACCORDANCE WITH THE OLDER WORKERS BENEFIT PROTECTION ACT OF 1990, EACH DRIVER IS AWARE OF THE FOLLOWING:

**(1.)     HE HAS BEEN ADVISED AND HAS THE RIGHT TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS SEVERANCE AGREEMENT AND RELEASE;**

**(2.)     HE IS SIGNING THIS RELEASE IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH HE IS OTHERWISE ENTITLED;**

**(3.)     THAT THIS WAIVER SPECIFICALLY APPLIES TO ANY OF HIS RIGHTS AND CLAIMS ARISING UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT;**

**(4.)     THAT HIS RIGHTS AND CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT WHICH ARISE AFTER THE EXECUTION OF THIS RELEASE ARE NOT WAIVED;**

**(5.)     HE UNDERSTANDS THE TERMS OF THIS AGREEMENT AND THE EFFECTS THEREOF;**

**(6.)     HE HAS TWENTY-ONE (21) DAYS FROM HIS RECEIPT OF THIS AGREEMENT TO CONSIDER THIS SEVERANCE AGREEMENT AND RELEASE; AND**

**(7.)     HE HAS SEVEN (7) DAYS AFTER SIGNING THIS SEVERANCE AGREEMENT AND RELEASE TO REVOKE THIS SEVERANCE AGREEMENT AND RELEASE, AND THIS SEVERANCE AGREEMENT AND RELEASE WILL NOT BE EFFECTIVE UNTIL THAT REVOCATION PERIOD HAS EXPIRED.**

4

4.     The parties acknowledge and agree that this Agreement represents the settlement of any and all known, unknown, or unasserted claims, from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration, or termination of each Driver's employment with Employer, by each Driver against Employer and by Employer against each Driver, and shall not be deemed or considered as an admission of any wrongdoing or liability by the Company Releasees, which liability is expressly denied.

Employer hereby releases and discharges Drivers, their heirs, administrators, or executors from any and all known actions, causes of actions, suits, charges, claims, damages, and demands, in law or in equity, which Employer ever had, or has against Drivers, from the beginning of their employment with Employer to the date of this Agreement, arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer.

5.     In further consideration for this Agreement, each Driver agrees he will never institute any action or suit at law or in equity against the Company Releasees, nor institute, prosecute or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action for damages, costs, loss of services, expenses, or compensation of any kind for or on account of any damage, loss or injury, whether developed or undeveloped, resulting or to result, known or unknown, past or present, arising out of his former employment or the termination of his employment with Employer.  Notwithstanding the foregoing, this Agreement does not prevent each Driver from pursuing any right or claim which cannot be waived by law, including the right to file a charge of discrimination with the Equal Employment Opportunity Commission.

By signing this Agreement, each Driver agrees to waive his right to become, and promises not to become, a member of any class action in any proceeding or case in which a claim against Company Releasees may arise, in whole or in part, from any event which occurred before or as of the date of this Agreement.

If a claim, charge or lawsuit is filed against any of the Company Releasees by a Driver (or by someone else including the Equal Employment Opportunity Commission) and the claim, charge or lawsuit involves his employment or termination of employment with Employer, each Driver hereby waives his right to receive any monetary sum or benefit in any way from a settlement or judgment of such claim, charge or lawsuit including claims based on any federal or state discrimination law, except where prohibited by law.

6.     Drivers and Employer agree to keep the nature, terms, and conditions of this Agreement strictly confidential, except that Drivers and Employer may share information concerning this Agreement with their respective legal counsel or tax adviser as necessary for purposes of legal or tax advice, and each Driver may additionally share such information with members of his immediate family consisting of his spouse and children, if any.  Each Driver further agrees to instruct any such individual who Driver may inform of the nature, terms, and conditions of this Agreement of the confidential nature of the settlement, and to obtain a pledge from those individuals to maintain confidentiality.

7.     Drivers and Employer providing this Agreement to the Court for approval is not a violation of this Agreement.  In response to a request for a reference from a prospective employer, Employer will provide only the Driver's dates of employment and position held.

8.   In further consideration for this Agreement, each Driver is further agreeing not to apply for employment with Employer, or its successors or affiliates, now or at any time in the future.

9.   This document constitutes and contains the entire understanding between the parties concerning the subject matter of this Agreement and supersedes all prior negotiations, proposed agreements, and understandings, if any, among the parties concerning any of the provisions of this Agreement.

10.   Each Driver acknowledges being advised in writing to consult with an attorney prior to executing this Agreement and that he has carefully read and fully understands all of the provisions of this Agreement and that he is voluntarily entering into this Agreement.

11.   The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the Employer may enforce the balance of this Agreement.

12.   The parties to this Agreement understand, acknowledge, and agree that this document may be executed in counterparts which are identical.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below the party's respective signature.

STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, Employer

By: _____
Anthony Vanopdorp, President

Date: _____5 - 8 · 19_____

7

_Curtis Craig_

Curtis Craig, Driver
Date: 3-4-19

Arthur Todd McKee, Driver
Date: _____

Allen Goulding, Driver
Date: _____

Jacob Peterson, Driver
Date: _____

Curtis Hasselbacher, Driver
Date: _____

Michael Steele, Driver
Date: _____

Patrick Uce, Driver
Date: _____

oo.com/d/folders/1/messages/10223/AKF8M-w5phcWXLiloQrAGAfNMqti2?guce_referrer=aHR0cHM6Ly3s

# *Confidential*

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

THIS SETTLEMENT AGREEMENT AND RELEASE, hereinafter referred to as "Agreement," is entered into by and between STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, hereinafter collectively referred to as "Employer," and CURTIS CRAIG, ALLEN GOULDING, CURTIS HASSELBACHER, ARTHUR TODD MCKEE, PATRICK LEE, JACOB PETERSON, and MICHAEL STEELE, hereinafter individually referred to as "Driver" or collectively as "Drivers."

WHEREAS, Drivers were employed by Employer at various times from approximately June 2016 until March 2018;

WHEREAS, Drivers have filed a complaint in the United States District Court for the Central District of Illinois, Rock Island Division (Case No. 4:18-cv-04187) alleging certain violations of their rights under certain federal and state laws during the time that they were employed by Employer.

WHEREAS, the parties desire to settle fully and finally any and all differences between them, including, but not limited to, the case filed by Drivers against Employer in the above-entitled case.

NOW, THEREFORE, in consideration of the mutual promises, and other good and valuable consideration hereinafter described, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1

1.      Employer shall pay to Drivers, in addition to any wages or benefits already paid, the

sum of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($ 100,000.00), distributed to

each Driver as indicated in the table below, less customary payroll withholding, THIRTY-FOUR

THOUSAND FORTY-SIX AND 42/100 DOLLARS  ($ 34,046.42) of which shall be paid to

Seth R. Halpern (with an IRS Form 1099 to accompany such payment), and the balance shall be

paid to Drivers fourteen (14) days from the later of court approval of this Settlement Agreement

and Release pursuant to an Agreed Order or expiration of the seven-day revocation period

referenced in paragraph 3(c)(7) of this Agreement.

**Table 1.  Distribution to Drivers (Before Withholding & Halpern Disbursement)**

| DRIVER | DISTRIBUTION |
|---|---|
| Curtis Craig | $9,421.94 |
| Allen Goulding | $9,421.94 |
| Curtis Hasselbacher | $9,421.94 |
| Patrick Lee | $9,421.94 |
| Arthur Todd McKee | $9,421.94 |
| Jacob Peterson | $9,421.94 |
| Michael Steele | $9,421.94 |
| **TOTAL** | $65,953.58 |

2.      This Settlement Agreement shall not be in effect until the later of expiration of the

seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement or the date

Employer has received a Court Order approving this Settlement Agreement pursuant to an

Agreed Order.

2

3.    GENERAL RELEASE BY DRIVERS

(a)    In consideration of the payment made by Employer, as set forth in Section 1 above, each Driver hereby releases and forever discharges the "Company Releasees" hereunder, defined as consisting of the Employer and, as the case may be, each of its associates; owners; parents; stockholders; affiliates; divisions; subsidiaries; predecessors; successors; assigns; agents; directors; officers; partners; employees; insurers; representatives; lawyers; employee welfare benefit plans and pension or deferred compensation plans under section 401 of the Internal Revenue Code of 1986, as amended, and their trustees, administrators and other fiduciaries and all persons acting by, through, under or in concert with them, or any of them, of and from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liability, claims, demands, damages, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent (hereinafter called "Claims"), which each Driver now has against the Company Releasees, or any of them, by reason of any matter, cause, or thing whatsoever from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer, including any claims constituting, arising out of, based upon, or relating to Title VII of the Civil Rights Act, as amended; the Equal Pay Act, as amended;  the Employee Retirement Income Security Act, as amended; the Fair Labor Standards Act as amended, the Illinois Minimum Wage Law, as amended, the Illinois Wage Payment and Collection Act, as amended, and/or all other local, state, or federal law governing employment and/or the payment of wages or benefits.  The above release does not include any amount to which each Driver may be entitled to under the Employer's retirement plan (s) as such rights are established by the Plan Documents.

3

(b)     Each Driver acknowledges that he has received all compensation and benefits due him through the date of his termination and, without limiting the generality of the foregoing, each Driver acknowledges that he has received all vacation benefits he is entitled to receive and each Driver also acknowledges that he is not entitled to receive anything further from the Employer except as provided in this Agreement.

(c)     IN ACCORDANCE WITH THE OLDER WORKERS BENEFIT PROTECTION ACT OF 1990, EACH DRIVER IS AWARE OF THE FOLLOWING:

(1.)    HE HAS BEEN ADVISED AND HAS THE RIGHT TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS SEVERANCE AGREEMENT AND RELEASE;

(2.)    HE IS SIGNING THIS RELEASE IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH HE IS OTHERWISE ENTITLED;

(3.)    THAT THIS WAIVER SPECIFICALLY APPLIES TO ANY OF HIS RIGHTS AND CLAIMS ARISING UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT;

(4.)    THAT HIS RIGHTS AND CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT WHICH ARISE AFTER THE EXECUTION OF THIS RELEASE ARE NOT WAIVED;

(5.)    HE UNDERSTANDS THE TERMS OF THIS AGREEMENT AND THE EFFECTS THEREOF;

(6.)    HE HAS TWENTY-ONE (21) DAYS FROM HIS RECEIPT OF THIS AGREEMENT TO CONSIDER THIS SEVERANCE AGREEMENT AND RELEASE; AND

(7.)    HE HAS SEVEN (7) DAYS AFTER SIGNING THIS SEVERANCE AGREEMENT AND RELEASE TO REVOKE THIS SEVERANCE AGREEMENT AND RELEASE, AND THIS SEVERANCE AGREEMENT AND RELEASE WILL NOT BE EFFECTIVE UNTIL THAT REVOCATION PERIOD HAS EXPIRED.

4.    The parties acknowledge and agree that this Agreement represents the settlement of any and all known, unknown, or unasserted claims, from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration, or termination of each Driver's employment with Employer, by each Driver against Employer and by Employer against each Driver, and shall not be deemed or considered as an admission of any wrongdoing or liability by the Company Releasees, which liability is expressly denied.

Employer hereby releases and discharges Drivers, their heirs, administrators, or executors from any and all known actions, causes of actions, suits, charges, claims, damages, and demands, in law or in equity, which Employer ever had, or has against Drivers, from the beginning of their employment with Employer to the date of this Agreement, arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer.

5.    In further consideration for this Agreement, each Driver agrees he will never institute any action or suit at law or in equity against the Company Releasees, nor institute, prosecute or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action for damages, costs, loss of services, expenses, or compensation of any kind for or on account of any damage, loss or injury, whether developed or undeveloped, resulting or to result, known or unknown, past or present, arising out of his former employment or the termination of his employment with Employer.  Notwithstanding the foregoing, this Agreement does not prevent each Driver from pursuing any right or claim which cannot be waived by law, including the right to file a charge of discrimination with the Equal Employment Opportunity Commission.

By signing this Agreement, each Driver agrees to waive his right to become, and promises not to become, a member of any class action in any proceeding or case in which a claim against Company Releasees may arise, in whole or in part, from any event which occurred before or as of the date of this Agreement.

If a claim, charge or lawsuit is filed against any of the Company Releasees by a Driver (or by someone else including the Equal Employment Opportunity Commission) and the claim, charge or lawsuit involves his employment or termination of employment with Employer, each Driver hereby waives his right to receive any monetary sum or benefit in any way from a settlement or judgment of such claim, charge or lawsuit including claims based on any federal or state discrimination law, except where prohibited by law.

6.   Drivers and Employer agree to keep the nature, terms, and conditions of this Agreement strictly confidential, except that Drivers and Employer may share information concerning this Agreement with their respective legal counsel or tax adviser as necessary for purposes of legal or tax advice, and each Driver may additionally share such information with members of his immediate family consisting of his spouse and children, if any. Each Driver further agrees to instruct any such individual who Driver may inform of the nature, terms, and conditions of this Agreement of the confidential nature of the settlement, and to obtain a pledge from those individuals to maintain confidentiality.

7.   Drivers and Employer providing this Agreement to the Court for approval is not a violation of this Agreement. In response to a request for a reference from a prospective employer, Employer will provide only the Driver's dates of employment and position held.

8. In further consideration for this Agreement, each Driver is further agreeing not to apply for employment with Employer, or its successors or affiliates, now or at any time in the future.

9. This document constitutes and contains the entire understanding between the parties concerning the subject matter of this Agreement and supersedes all prior negotiations, proposed agreements, and understandings, if any, among the parties concerning any of the provisions of this Agreement.

10. Each Driver acknowledges being advised in writing to consult with an attorney prior to executing this Agreement and that he has carefully read and fully understands all of the provisions of this Agreement and that he is voluntarily entering into this Agreement.

11. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the Employer may enforce the balance of this Agreement.

12. The parties to this Agreement understand, acknowledge, and agree that this document may be executed in counterparts which are identical.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below the party's respective signature.

STEVEN VANOPDORP TRUCKING, INC. d/b/a
VANOPDORP TRUCKING, an Iowa foreign
corporation, and ANTHONY VANOPDORP, an
individual, Employer

By: _____
Anthony Vanopdorp, President

Date: _____5-8-19_____

7

Curtis Craig, Driver
Date: _____

Arthur Todd McKee, Driver
Date: _____

_Allen Goulding_

Allen Goulding, Driver
Date: 4/22/19

Jacob Peterson, Driver
Date: _____

Curtis Hasselbacher, Driver
Date: _____

Michael Steele, Driver
Date: _____

Patrick Lee, Driver
Date: _____

8

# *Confidential*

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE, hereinafter referred to as "Agreement," is entered into by and between STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, hereinafter collectively referred to as "Employer," and CURTIS CRAIG, ALLEN GOULDING, CURTIS HASSELBACHER, ARTHUR TODD MCKEE, PATRICK LEE, JACOB PETERSON, and MICHAEL STEELE, hereinafter individually referred to as "Driver" or collectively as "Drivers."

WHEREAS, Drivers were employed by Employer at various times from approximately June 2016 until March 2018;

WHEREAS, Drivers have filed a complaint in the United States District Court for the Central District of Illinois, Rock Island Division (Case No. 4:18-cv-04187) alleging certain violations of their rights under certain federal and state laws during the time that they were employed by Employer.

WHEREAS, the parties desire to settle fully and finally any and all differences between them, including, but not limited to, the case filed by Drivers against Employer in the above-entitled case.

NOW, THEREFORE, in consideration of the mutual promises, and other good and valuable consideration hereinafter described, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1

1.   Employer shall pay to Drivers, in addition to any wages or benefits already paid, the sum of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($ 100,000.00), distributed to each Driver as indicated in the table below, less customary payroll withholding, THIRTY-FOUR THOUSAND FORTY-SIX AND 42/100 DOLLARS ($ 34,046.42) of which shall be paid to Seth R. Halpern (with an IRS Form 1099 to accompany such payment), and the balance shall be paid to Drivers fourteen (14) days from the later of court approval of this Settlement Agreement and Release pursuant to an Agreed Order or expiration of the seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement.

**Table 1.  Distribution to Drivers (Before Withholding & Halpern Disbursement)**

| DRIVER | DISTRIBUTION |
|---|---|
| Curtis Craig | $9,421.94 |
| Allen Goulding | $9,421.94 |
| Curtis Hasselbacher | $9,421.94 |
| Patrick Lee | $9,421.94 |
| Arthur Todd McKee | $9,421.94 |
| Jacob Peterson | $9,421.94 |
| Michael Steele | $9,421.94 |
| **TOTAL** | $65,953.58 |

2.   This Settlement Agreement shall not be in effect until the later of expiration of the seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement or the date Employer has received a Court Order approving this Settlement Agreement pursuant to an Agreed Order.

2

3.    <u>GENERAL RELEASE BY DRIVERS</u>

(a)       In consideration of the payment made by Employer, as set forth in Section 1 above, each Driver hereby releases and forever discharges the "Company Releasees" hereunder, defined as consisting of the Employer and, as the case may be, each of its associates; owners; parents; stockholders; affiliates; divisions; subsidiaries; predecessors; successors; assigns; agents; directors; officers; partners; employees; insurers; representatives; lawyers; employee welfare benefit plans and pension or deferred compensation plans under section 401 of the Internal Revenue Code of 1986, as amended, and their trustees, administrators and other fiduciaries and all persons acting by, through, under or in concert with them, or any of them, of and from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liability, claims, demands, damages, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent (hereinafter called "Claims"), which each Driver now has against the Company Releasees, or any of them, by reason of any matter, cause, or thing whatsoever from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer, including any claims constituting, arising out of, based upon, or relating to Title VII of the Civil Rights Act, as amended; the Equal Pay Act, as amended; the Employee Retirement Income Security Act, as amended; the Fair Labor Standards Act as amended, the Illinois Minimum Wage Law, as amended, the Illinois Wage Payment and Collection Act, as amended, and/or all other local, state, or federal law governing employment and/or the payment of wages or benefits.  The above release does not include any amount to which each Driver may be entitled to under the Employer's retirement plan (s) as such rights are established by the Plan Documents.

3

(b)     Each Driver acknowledges that he has received all compensation and benefits due him through the date of his termination and, without limiting the generality of the foregoing, each Driver acknowledges that he has received all vacation benefits he is entitled to receive and each Driver also acknowledges that he is not entitled to receive anything further from the Employer except as provided in this Agreement.

(c)     IN ACCORDANCE WITH THE OLDER WORKERS BENEFIT PROTECTION ACT OF 1990, EACH DRIVER IS AWARE OF THE FOLLOWING:

(1.)     HE HAS BEEN ADVISED AND HAS THE RIGHT TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS SEVERANCE AGREEMENT AND RELEASE;

(2.)     HE IS SIGNING THIS RELEASE IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH HE IS OTHERWISE ENTITLED;

(3.)     THAT THIS WAIVER SPECIFICALLY APPLIES TO ANY OF HIS RIGHTS AND CLAIMS ARISING UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT;

(4.)     THAT HIS RIGHTS AND CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT WHICH ARISE AFTER THE EXECUTION OF THIS RELEASE ARE NOT WAIVED;

(5.)     HE UNDERSTANDS THE TERMS OF THIS AGREEMENT AND THE EFFECTS THEREOF;

(6.)     HE HAS TWENTY-ONE (21) DAYS FROM HIS RECEIPT OF THIS AGREEMENT TO CONSIDER THIS SEVERANCE AGREEMENT AND RELEASE; AND

(7.)     HE HAS SEVEN (7) DAYS AFTER SIGNING THIS SEVERANCE AGREEMENT AND RELEASE TO REVOKE THIS SEVERANCE AGREEMENT AND RELEASE, AND THIS SEVERANCE AGREEMENT AND RELEASE WILL NOT BE EFFECTIVE UNTIL THAT REVOCATION PERIOD HAS EXPIRED.

4.    The parties acknowledge and agree that this Agreement represents the settlement of any and all known, unknown, or unasserted claims, from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration, or termination of each Driver's employment with Employer, by each Driver against Employer and by Employer against each Driver, and shall not be deemed or considered as an admission of any wrongdoing or liability by the Company Releasees, which liability is expressly denied.

Employer hereby releases and discharges Drivers, their heirs, administrators, or executors from any and all known actions, causes of actions, suits, charges, claims, damages, and demands, in law or in equity, which Employer ever had, or has against Drivers, from the beginning of their employment with Employer to the date of this Agreement, arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer.

5.    In further consideration for this Agreement, each Driver agrees he will never institute any action or suit at law or in equity against the Company Releasees, nor institute, prosecute or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action for damages, costs, loss of services, expenses, or compensation of any kind for or on account of any damage, loss or injury, whether developed or undeveloped, resulting or to result, known or unknown, past or present, arising out of his former employment or the termination of his employment with Employer.  Notwithstanding the foregoing, this Agreement does not prevent each Driver from pursuing any right or claim which cannot be waived by law, including the right to file a charge of discrimination with the Equal Employment Opportunity Commission.

By signing this Agreement, each Driver agrees to waive his right to become, and promises not to become, a member of any class action in any proceeding or case in which a claim against Company Releasees may arise, in whole or in part, from any event which occurred before or as of the date of this Agreement.

If a claim, charge or lawsuit is filed against any of the Company Releasees by a Driver (or by someone else including the Equal Employment Opportunity Commission) and the claim, charge or lawsuit involves his employment or termination of employment with Employer, each Driver hereby waives his right to receive any monetary sum or benefit in any way from a settlement or judgment of such claim, charge or lawsuit including claims based on any federal or state discrimination law, except where prohibited by law.

6.      Drivers and Employer agree to keep the nature, terms, and conditions of this Agreement strictly confidential, except that Drivers and Employer may share information concerning this Agreement with their respective legal counsel or tax adviser as necessary for purposes of legal or tax advice, and each Driver may additionally share such information with members of his immediate family consisting of his spouse and children, if any.  Each Driver further agrees to instruct any such individual who Driver may inform of the nature, terms, and conditions of this Agreement of the confidential nature of the settlement, and to obtain a pledge from those individuals to maintain confidentiality.

7.      Drivers and Employer providing this Agreement to the Court for approval is not a violation of this Agreement.  In response to a request for a reference from a prospective employer, Employer will provide only the Driver's dates of employment and position held.

8.    In further consideration for this Agreement, each Driver is further agreeing not to apply for employment with Employer, or its successors or affiliates, now or at any time in the future.

9.    This document constitutes and contains the entire understanding between the parties concerning the subject matter of this Agreement and supersedes all prior negotiations, proposed agreements, and understandings, if any, among the parties concerning any of the provisions of this Agreement.

10.   Each Driver acknowledges being advised in writing to consult with an attorney prior to executing this Agreement and that he has carefully read and fully understands all of the provisions of this Agreement and that he is voluntarily entering into this Agreement.

11.   The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the Employer may enforce the balance of this Agreement.

12.   The parties to this Agreement understand, acknowledge, and agree that this document may be executed in counterparts which are identical.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below the party's respective signature.

STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, Employer

By: _____

Anthony Vanopdorp, President

Date: _____5-8-19_____

7

Curtis Craig, Driver
Date: _____

Arthur Todd McKee, Driver
Date: _____

Allen Goulding, Driver
Date: _____

Jacob Peterson, Driver
Date: _____

_Curtis M Hasselbacher_
Curtis Hasselbacher, Driver
Date: ____4/24/2019____

Michael Steele, Driver
Date: _____

Patrick Lee, Driver
Date: _____

# *Confidential*

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

THIS SETTLEMENT AGREEMENT AND RELEASE, hereinafter referred to as "Agreement," is entered into by and between STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, hereinafter collectively referred to as "Employer," and CURTIS CRAIG, ALLEN GOULDING, CURTIS HASSELBACHER, ARTHUR TODD MCKEE, PATRICK LEE, JACOB PETERSON, and MICHAEL STEELE, hereinafter individually referred to as "Driver" or collectively as "Drivers."

WHEREAS, Drivers were employed by Employer at various times from approximately June 2016 until March 2018;

WHEREAS, Drivers have filed a complaint in the United States District Court for the Central District of Illinois, Rock Island Division (Case No. 4:18-cv-04187) alleging certain violations of their rights under certain federal and state laws during the time that they were employed by Employer.

WHEREAS, the parties desire to settle fully and finally any and all differences between them, including, but not limited to, the case filed by Drivers against Employer in the above-entitled case.

NOW, THEREFORE, in consideration of the mutual promises, and other good and valuable consideration hereinafter described, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1

1.     Employer shall pay to Drivers, in addition to any wages or benefits already paid, the

sum of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($ 100,000.00), distributed to

each Driver as indicated in the table below, less customary payroll withholding, THIRTY-FOUR

THOUSAND FORTY-SIX AND 42/100 DOLLARS  ($ 34,046.42) of which shall be paid to

Seth R. Halpern (with an IRS Form 1099 to accompany such payment), and the balance shall be

paid to Drivers fourteen (14) days from the later of court approval of this Settlement Agreement

and Release pursuant to an Agreed Order or expiration of the seven-day revocation period

referenced in paragraph 3(c)(7) of this Agreement.

**Table 1.  Distribution to Drivers (Before Withholding & Halpern Disbursement)**

| DRIVER | DISTRIBUTION |
|---|---|
| Curtis Craig | $9,421.94 |
| Allen Goulding | $9,421.94 |
| Curtis Hasselbacher | $9,421.94 |
| Patrick Lee | $9,421.94 |
| Arthur Todd McKee | $9,421.94 |
| Jacob Peterson | $9,421.94 |
| Michael Steele | $9,421.94 |
| **TOTAL** | $65,953.58 |

2.     This Settlement Agreement shall not be in effect until the later of expiration of the

seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement or the date

Employer has received a Court Order approving this Settlement Agreement pursuant to an

Agreed Order.

2

3. <u>GENERAL RELEASE BY DRIVERS</u>

(a)      In consideration of the payment made by Employer, as set forth in Section 1 above, each Driver hereby releases and forever discharges the "Company Releasees" hereunder, defined as consisting of the Employer and, as the case may be, each of its associates; owners; parents; stockholders; affiliates; divisions; subsidiaries; predecessors; successors; assigns; agents; directors; officers; partners; employees; insurers; representatives; lawyers; employee welfare benefit plans and pension or deferred compensation plans under section 401 of the Internal Revenue Code of 1986, as amended, and their trustees, administrators and other fiduciaries and all persons acting by, through, under or in concert with them, or any of them, of and from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liability, claims, demands, damages, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent (hereinafter called "Claims"), which each Driver now has against the Company Releasees, or any of them, by reason of any matter, cause, or thing whatsoever from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer, including any claims constituting, arising out of, based upon, or relating to Title VII of the Civil Rights Act, as amended; the Equal Pay Act, as amended; the Employee Retirement Income Security Act, as amended; the Fair Labor Standards Act as amended, the Illinois Minimum Wage Law, as amended, the Illinois Wage Payment and Collection Act, as amended, and/or all other local, state, or federal law governing employment and/or the payment of wages or benefits. The above release does not include any amount to which each Driver may be entitled to under the Employer's retirement plan (s) as such rights are established by the Plan Documents.

3

(b)     Each Driver acknowledges that he has received all compensation and benefits due him through the date of his termination and, without limiting the generality of the foregoing, each Driver acknowledges that he has received all vacation benefits he is entitled to receive and each Driver also acknowledges that he is not entitled to receive anything further from the Employer except as provided in this Agreement.

(c)     **IN ACCORDANCE WITH THE OLDER WORKERS BENEFIT PROTECTION ACT OF 1990, EACH DRIVER IS AWARE OF THE FOLLOWING:**

**(1.)     HE HAS BEEN ADVISED AND HAS THE RIGHT TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS SEVERANCE AGREEMENT AND RELEASE;**

**(2.)     HE IS SIGNING THIS RELEASE IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH HE IS OTHERWISE ENTITLED;**

**(3.)     THAT THIS WAIVER SPECIFICALLY APPLIES TO ANY OF HIS RIGHTS AND CLAIMS ARISING UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT;**

**(4.)     THAT HIS RIGHTS AND CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT WHICH ARISE AFTER THE EXECUTION OF THIS RELEASE ARE NOT WAIVED;**

**(5.)     HE UNDERSTANDS THE TERMS OF THIS AGREEMENT AND THE EFFECTS THEREOF;**

**(6.)     HE HAS TWENTY-ONE (21) DAYS FROM HIS RECEIPT OF THIS AGREEMENT TO CONSIDER THIS SEVERANCE AGREEMENT AND RELEASE; AND**

**(7.)     HE HAS SEVEN (7) DAYS AFTER SIGNING THIS SEVERANCE AGREEMENT AND RELEASE TO REVOKE THIS SEVERANCE AGREEMENT AND RELEASE, AND THIS SEVERANCE AGREEMENT AND RELEASE WILL NOT BE EFFECTIVE UNTIL THAT REVOCATION PERIOD HAS EXPIRED.**

4.     The parties acknowledge and agree that this Agreement represents the settlement of any and all known, unknown, or unasserted claims, from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration, or termination of each Driver's employment with Employer, by each Driver against Employer and by Employer against each Driver, and shall not be deemed or considered as an admission of any wrongdoing or liability by the Company Releasees, which liability is expressly denied.

Employer hereby releases and discharges Drivers, their heirs, administrators, or executors from any and all known actions, causes of actions, suits, charges, claims, damages, and demands, in law or in equity, which Employer ever had, or has against Drivers, from the beginning of their employment with Employer to the date of this Agreement, arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer.

5.     In further consideration for this Agreement, each Driver agrees he will never institute any action or suit at law or in equity against the Company Releasees, nor institute, prosecute or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action for damages, costs, loss of services, expenses, or compensation of any kind for or on account of any damage, loss or injury, whether developed or undeveloped, resulting or to result, known or unknown, past or present, arising out of his former employment or the termination of his employment with Employer.  Notwithstanding the foregoing, this Agreement does not prevent each Driver from pursuing any right or claim which cannot be waived by law, including the right to file a charge of discrimination with the Equal Employment Opportunity Commission.

By signing this Agreement, each Driver agrees to waive his right to become, and promises not to become, a member of any class action in any proceeding or case in which a claim against Company Releasees may arise, in whole or in part, from any event which occurred before or as of the date of this Agreement.

If a claim, charge or lawsuit is filed against any of the Company Releasees by a Driver (or by someone else including the Equal Employment Opportunity Commission) and the claim, charge or lawsuit involves his employment or termination of employment with Employer, each Driver hereby waives his right to receive any monetary sum or benefit in any way from a settlement or judgment of such claim, charge or lawsuit including claims based on any federal or state discrimination law, except where prohibited by law.

6.    Drivers and Employer agree to keep the nature, terms, and conditions of this Agreement <u>strictly confidential</u>, except that Drivers and Employer may share information concerning this Agreement with their respective legal counsel or tax adviser as necessary for purposes of legal or tax advice, and each Driver may additionally share such information with members of his immediate family consisting of his spouse and children, if any.  Each Driver further agrees to instruct any such individual who Driver may inform of the nature, terms, and conditions of this Agreement of the confidential nature of the settlement, and to obtain a pledge from those individuals to maintain confidentiality.

7.    Drivers and Employer providing this Agreement to the Court for approval is not a violation of this Agreement.  In response to a request for a reference from a prospective employer, Employer will provide only the Driver's dates of employment and position held.

8.   In further consideration for this Agreement, each Driver is further agreeing not to apply for employment with Employer, or its successors or affiliates, now or at any time in the future.

9.   This document constitutes and contains the entire understanding between the parties concerning the subject matter of this Agreement and supersedes all prior negotiations, proposed agreements, and understandings, if any, among the parties concerning any of the provisions of this Agreement.

10.  Each Driver acknowledges being advised in writing to consult with an attorney prior to executing this Agreement and that he has carefully read and fully understands all of the provisions of this Agreement and that he is voluntarily entering into this Agreement.

11.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the Employer may enforce the balance of this Agreement.

12.  The parties to this Agreement understand, acknowledge, and agree that this document may be executed in counterparts which are identical.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below the party's respective signature.

STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, Employer

By: _____

Anthony Vanopdorp, President

Date: 5-8-19

7

Curtis Craig, Driver
Date: _____

Arthur Todd McKee, Driver
Date: _____

Allen Goulding, Driver
Date: _____

Jacob Peterson, Driver
Date: _____

Curtis Hasselbacher, Driver
Date: _____

Michael Steele, Driver
Date: _____

Patrick Lee, Driver
Date: _____4/18/19_____

# *Confidential*

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

THIS SETTLEMENT AGREEMENT AND RELEASE, hereinafter referred to as "Agreement," is entered into by and between STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, hereinafter collectively referred to as "Employer," and CURTIS CRAIG, ALLEN GOULDING, CURTIS HASSELBACHER, ARTHUR TODD MCKEE, PATRICK LEE, JACOB PETERSON, and MICHAEL STEELE, hereinafter individually referred to as "Driver" or collectively as "Drivers."

WHEREAS, Drivers were employed by Employer at various times from approximately June 2016 until March 2018;

WHEREAS, Drivers have filed a complaint in the United States District Court for the Central District of Illinois, Rock Island Division (Case No. 4:18-cv-04187) alleging certain violations of their rights under certain federal and state laws during the time that they were employed by Employer.

WHEREAS, the parties desire to settle fully and finally any and all differences between them, including, but not limited to, the case filed by Drivers against Employer in the above-entitled case.

NOW, THEREFORE, in consideration of the mutual promises, and other good and valuable consideration hereinafter described, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1

1.     Employer shall pay to Drivers, in addition to any wages or benefits already paid, the sum of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($ 100,000.00), distributed to each Driver as indicated in the table below, less customary payroll withholding, THIRTY-FOUR THOUSAND FORTY-SIX AND 42/100 DOLLARS  ($ 34,046.42) of which shall be paid to Seth R. Halpern (with an IRS Form 1099 to accompany such payment), and the balance shall be paid to Drivers fourteen (14) days from the later of court approval of this Settlement Agreement and Release pursuant to an Agreed Order or expiration of the seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement.

**Table 1.  Distribution to Drivers (Before Withholding & Halpern Disbursement)**

| DRIVER | DISTRIBUTION |
|---|---|
| Curtis Craig | $9,421.94 |
| Allen Goulding | $9,421.94 |
| Curtis Hasselbacher | $9,421.94 |
| Patrick Lee | $9,421.94 |
| Arthur Todd McKee | $9,421.94 |
| Jacob Peterson | $9,421.94 |
| Michael Steele | $9,421.94 |
| **TOTAL** | $65,953.58 |

2.     This Settlement Agreement shall not be in effect until the later of expiration of the seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement or the date Employer has received a Court Order approving this Settlement Agreement pursuant to an Agreed Order.

3.   <u>GENERAL RELEASE BY DRIVERS</u>

(a)   In consideration of the payment made by Employer, as set forth in Section 1 above, each Driver hereby releases and forever discharges the "Company Releasees" hereunder, defined as consisting of the Employer and, as the case may be, each of its associates; owners; parents; stockholders; affiliates; divisions; subsidiaries; predecessors; successors; assigns; agents; directors; officers; partners; employees; insurers; representatives; lawyers; employee welfare benefit plans and pension or deferred compensation plans under section 401 of the Internal Revenue Code of 1986, as amended, and their trustees, administrators and other fiduciaries and all persons acting by, through, under or in concert with them, or any of them, of and from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liability, claims, demands, damages, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent (hereinafter called "Claims"), which each Driver now has against the Company Releasees, or any of them, by reason of any matter, cause, or thing whatsoever from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer, including any claims constituting, arising out of, based upon, or relating to Title VII of the Civil Rights Act, as amended; the Equal Pay Act, as amended;  the Employee Retirement Income Security Act, as amended; the Fair Labor Standards Act as amended, the Illinois Minimum Wage Law, as amended, the Illinois Wage Payment and Collection Act, as amended, and/or all other local, state, or federal law governing employment and/or the payment of wages or benefits.  The above release does not include any amount to which each Driver may be entitled to under the Employer's retirement plan (s) as such rights are established by the Plan Documents.

3

(b)     Each Driver acknowledges that he has received all compensation and benefits due him through the date of his termination and, without limiting the generality of the foregoing, each Driver acknowledges that he has received all vacation benefits he is entitled to receive and each Driver also acknowledges that he is not entitled to receive anything further from the Employer except as provided in this Agreement.

(c)     **IN ACCORDANCE WITH THE OLDER WORKERS BENEFIT PROTECTION ACT OF 1990, EACH DRIVER IS AWARE OF THE FOLLOWING:**

**(1.)     HE HAS BEEN ADVISED AND HAS THE RIGHT TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS SEVERANCE AGREEMENT AND RELEASE;**

**(2.)     HE IS SIGNING THIS RELEASE IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH HE IS OTHERWISE ENTITLED;**

**(3.)     THAT THIS WAIVER SPECIFICALLY APPLIES TO ANY OF HIS RIGHTS AND CLAIMS ARISING UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT;**

**(4.)     THAT HIS RIGHTS AND CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT WHICH ARISE AFTER THE EXECUTION OF THIS RELEASE ARE NOT WAIVED;**

**(5.)     HE UNDERSTANDS THE TERMS OF THIS AGREEMENT AND THE EFFECTS THEREOF;**

**(6.)     HE HAS TWENTY-ONE (21) DAYS FROM HIS RECEIPT OF THIS AGREEMENT TO CONSIDER THIS SEVERANCE AGREEMENT AND RELEASE; AND**

**(7.)     HE HAS SEVEN (7) DAYS AFTER SIGNING THIS SEVERANCE AGREEMENT AND RELEASE TO REVOKE THIS SEVERANCE AGREEMENT AND RELEASE, AND THIS SEVERANCE AGREEMENT AND RELEASE WILL NOT BE EFFECTIVE UNTIL THAT REVOCATION PERIOD HAS EXPIRED.**

4

4.      The parties acknowledge and agree that this Agreement represents the settlement of any and all known, unknown, or unasserted claims, from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration, or termination of each Driver's employment with Employer, by each Driver against Employer and by Employer against each Driver, and shall not be deemed or considered as an admission of any wrongdoing or liability by the Company Releasees, which liability is expressly denied.

Employer hereby releases and discharges Drivers, their heirs, administrators, or executors from any and all known actions, causes of actions, suits, charges, claims, damages, and demands, in law or in equity, which Employer ever had, or has against Drivers, from the beginning of their employment with Employer to the date of this Agreement, arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer.

5.      In further consideration for this Agreement, each Driver agrees he will never institute any action or suit at law or in equity against the Company Releasees, nor institute, prosecute or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action for damages, costs, loss of services, expenses, or compensation of any kind for or on account of any damage, loss or injury, whether developed or undeveloped, resulting or to result, known or unknown, past or present, arising out of his former employment or the termination of his employment with Employer.  Notwithstanding the foregoing, this Agreement does not prevent each Driver from pursuing any right or claim which cannot be waived by law, including the right to file a charge of discrimination with the Equal Employment Opportunity Commission.

By signing this Agreement, each Driver agrees to waive his right to become, and promises not to become, a member of any class action in any proceeding or case in which a claim against Company Releasees may arise, in whole or in part, from any event which occurred before or as of the date of this Agreement.

If a claim, charge or lawsuit is filed against any of the Company Releasees by a Driver (or by someone else including the Equal Employment Opportunity Commission) and the claim, charge or lawsuit involves his employment or termination of employment with Employer, each Driver hereby waives his right to receive any monetary sum or benefit in any way from a settlement or judgment of such claim, charge or lawsuit including claims based on any federal or state discrimination law, except where prohibited by law.

6.      Drivers and Employer agree to keep the nature, terms, and conditions of this Agreement strictly confidential, except that Drivers and Employer may share information concerning this Agreement with their respective legal counsel or tax adviser as necessary for purposes of legal or tax advice, and each Driver may additionally share such information with members of his immediate family consisting of his spouse and children, if any. Each Driver further agrees to instruct any such individual who Driver may inform of the nature, terms, and conditions of this Agreement of the confidential nature of the settlement, and to obtain a pledge from those individuals to maintain confidentiality.

7.      Drivers and Employer providing this Agreement to the Court for approval is not a violation of this Agreement. In response to a request for a reference from a prospective employer, Employer will provide only the Driver's dates of employment and position held.

8. In further consideration for this Agreement, each Driver is further agreeing not to apply for employment with Employer, or its successors or affiliates, now or at any time in the future.

9. This document constitutes and contains the entire understanding between the parties concerning the subject matter of this Agreement and supersedes all prior negotiations, proposed agreements, and understandings, if any, among the parties concerning any of the provisions of this Agreement.

10. Each Driver acknowledges being advised in writing to consult with an attorney prior to executing this Agreement and that he has carefully read and fully understands all of the provisions of this Agreement and that he is voluntarily entering into this Agreement.

11. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the Employer may enforce the balance of this Agreement.

12. The parties to this Agreement understand, acknowledge, and agree that this document may be executed in counterparts which are identical.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below the party's respective signature.

STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, Employer

By: _____

Anthony Vanopdorp, President

Date: 5-8-19

7

_Arthur Todd McKee_

Arthur Todd McKee, Driver
Date: 4.24.14

Jacob Peterson, Driver
Date: _____

Michael Steele, Driver
Date: _____

Curtis Craig, Driver
Date: _____

Allen Goulding, Driver
Date: _____

Curtis Hasselbacher, Driver
Date: _____

Patrick Lee, Driver
Date: _____

8

# *Confidential*

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE, hereinafter referred to as "Agreement," is entered into by and between STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, hereinafter collectively referred to as "Employer," and CURTIS CRAIG, ALLEN GOULDING, CURTIS HASSELBACHER, ARTHUR TODD MCKEE, PATRICK LEE, JACOB PETERSON, and MICHAEL STEELE, hereinafter individually referred to as "Driver" or collectively as "Drivers."

WHEREAS, Drivers were employed by Employer at various times from approximately June 2016 until March 2018;

WHEREAS, Drivers have filed a complaint in the United States District Court for the Central District of Illinois, Rock Island Division (Case No. 4:18-cv-04187) alleging certain violations of their rights under certain federal and state laws during the time that they were employed by Employer.

WHEREAS, the parties desire to settle fully and finally any and all differences between them, including, but not limited to, the case filed by Drivers against Employer in the above-entitled case.

NOW, THEREFORE, in consideration of the mutual promises, and other good and valuable consideration hereinafter described, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1

1.      Employer shall pay to Drivers, in addition to any wages or benefits already paid, the sum of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($ 100,000.00), distributed to each Driver as indicated in the table below, less customary payroll withholding, THIRTY-FOUR THOUSAND FORTY-SIX AND 42/100 DOLLARS  ($ 34,046.42) of which shall be paid to Seth R. Halpern (with an IRS Form 1099 to accompany such payment), and the balance shall be paid to Drivers fourteen (14) days from the later of court approval of this Settlement Agreement and Release pursuant to an Agreed Order or expiration of the seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement.

Table 1.  Distribution to Drivers (Before Withholding & Halpern Disbursement)

| DRIVER | DISTRIBUTION |
|---|---|
| Curtis Craig | $9,421.94 |
| Allen Goulding | $9,421.94 |
| Curtis Hasselbacher | $9,421.94 |
| Patrick Lee | $9,421.94 |
| Arthur Todd McKee | $9,421.94 |
| Jacob Peterson | $9,421.94 |
| Michael Steele | $9,421.94 |
| TOTAL | $65,953.58 |

2.      This Settlement Agreement shall not be in effect until the later of expiration of the seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement or the date Employer has received a Court Order approving this Settlement Agreement pursuant to an Agreed Order.

3.   <u>GENERAL RELEASE BY DRIVERS</u>

(a)      In consideration of the payment made by Employer, as set forth in Section 1 above, each Driver hereby releases and forever discharges the "Company Releasees" hereunder, defined as consisting of the Employer and, as the case may be, each of its associates; owners; parents; stockholders; affiliates; divisions; subsidiaries; predecessors; successors; assigns; agents; directors; officers; partners; employees; insurers; representatives; lawyers; employee welfare benefit plans and pension or deferred compensation plans under section 401 of the Internal Revenue Code of 1986, as amended, and their trustees, administrators and other fiduciaries and all persons acting by, through, under or in concert with them, or any of them, of and from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liability, claims, demands, damages, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent (hereinafter called "Claims"), which each Driver now has against the Company Releasees, or any of them, by reason of any matter, cause, or thing whatsoever from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer, including any claims constituting, arising out of, based upon, or relating to Title VII of the Civil Rights Act, as amended; the Equal Pay Act, as amended;  the Employee Retirement Income Security Act, as amended; the Fair Labor Standards Act as amended, the Illinois Minimum Wage Law, as amended, the Illinois Wage Payment and Collection Act, as amended, and/or all other local, state, or federal law governing employment and/or the payment of wages or benefits.  The above release does not include any amount to which each Driver may be entitled to under the Employer's retirement plan (s) as such rights are established by the Plan Documents.

3

(b)     Each Driver acknowledges that he has received all compensation and benefits due him through the date of his termination and, without limiting the generality of the foregoing, each Driver acknowledges that he has received all vacation benefits he is entitled to receive and each Driver also acknowledges that he is not entitled to receive anything further from the Employer except as provided in this Agreement.

(c)     **IN ACCORDANCE WITH THE OLDER WORKERS BENEFIT PROTECTION ACT OF 1990, EACH DRIVER IS AWARE OF THE FOLLOWING:**

**(1.)     HE HAS BEEN ADVISED AND HAS THE RIGHT TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS SEVERANCE AGREEMENT AND RELEASE;**

**(2.)     HE IS SIGNING THIS RELEASE IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH HE IS OTHERWISE ENTITLED;**

**(3.)     THAT THIS WAIVER SPECIFICALLY APPLIES TO ANY OF HIS RIGHTS AND CLAIMS ARISING UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT;**

**(4.)     THAT HIS RIGHTS AND CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT WHICH ARISE AFTER THE EXECUTION OF THIS RELEASE ARE NOT WAIVED;**

**(5.)     HE UNDERSTANDS THE TERMS OF THIS AGREEMENT AND THE EFFECTS THEREOF;**

**(6.)     HE HAS TWENTY-ONE (21) DAYS FROM HIS RECEIPT OF THIS AGREEMENT TO CONSIDER THIS SEVERANCE AGREEMENT AND RELEASE; AND**

**(7.)     HE HAS SEVEN (7) DAYS AFTER SIGNING THIS SEVERANCE AGREEMENT AND RELEASE TO REVOKE THIS SEVERANCE AGREEMENT AND RELEASE, AND THIS SEVERANCE AGREEMENT AND RELEASE WILL NOT BE EFFECTIVE UNTIL THAT REVOCATION PERIOD HAS EXPIRED.**

4.     The parties acknowledge and agree that this Agreement represents the settlement of any and all known, unknown, or unasserted claims, from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration, or termination of each Driver's employment with Employer, by each Driver against Employer and by Employer against each Driver, and shall not be deemed or considered as an admission of any wrongdoing or liability by the Company Releasees, which liability is expressly denied.

Employer hereby releases and discharges Drivers, their heirs, administrators, or executors from any and all known actions, causes of actions, suits, charges, claims, damages, and demands, in law or in equity, which Employer ever had, or has against Drivers, from the beginning of their employment with Employer to the date of this Agreement, arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer.

5.     In further consideration for this Agreement, each Driver agrees he will never institute any action or suit at law or in equity against the Company Releasees, nor institute, prosecute or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action for damages, costs, loss of services, expenses, or compensation of any kind for or on account of any damage, loss or injury, whether developed or undeveloped, resulting or to result, known or unknown, past or present, arising out of his former employment or the termination of his employment with Employer.  Notwithstanding the foregoing, this Agreement does not prevent each Driver from pursuing any right or claim which cannot be waived by law, including the right to file a charge of discrimination with the Equal Employment Opportunity Commission.

By signing this Agreement, each Driver agrees to waive his right to become, and promises not to become, a member of any class action in any proceeding or case in which a claim against Company Releasees may arise, in whole or in part, from any event which occurred before or as of the date of this Agreement.

If a claim, charge or lawsuit is filed against any of the Company Releasees by a Driver (or by someone else including the Equal Employment Opportunity Commission) and the claim, charge or lawsuit involves his employment or termination of employment with Employer, each Driver hereby waives his right to receive any monetary sum or benefit in any way from a settlement or judgment of such claim, charge or lawsuit including claims based on any federal or state discrimination law, except where prohibited by law.

6.      Drivers and Employer agree to keep the nature, terms, and conditions of this Agreement <u>strictly confidential</u>, except that Drivers and Employer may share information concerning this Agreement with their respective legal counsel or tax adviser as necessary for purposes of legal or tax advice, and each Driver may additionally share such information with members of his immediate family consisting of his spouse and children, if any.  Each Driver further agrees to instruct any such individual who Driver may inform of the nature, terms, and conditions of this Agreement of the confidential nature of the settlement, and to obtain a pledge from those individuals to maintain confidentiality.

7.      Drivers and Employer providing this Agreement to the Court for approval is not a violation of this Agreement.  In response to a request for a reference from a prospective employer, Employer will provide only the Driver's dates of employment and position held.

8.      In further consideration for this Agreement, each Driver is further agreeing not to apply for employment with Employer, or its successors or affiliates, now or at any time in the future.

9.      This document constitutes and contains the entire understanding between the parties concerning the subject matter of this Agreement and supersedes all prior negotiations, proposed agreements, and understandings, if any, among the parties concerning any of the provisions of this Agreement.

10.     Each Driver acknowledges being advised in writing to consult with an attorney prior to executing this Agreement and that he has carefully read and fully understands all of the provisions of this Agreement and that he is voluntarily entering into this Agreement.

11.     The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the Employer may enforce the balance of this Agreement.

12.     The parties to this Agreement understand, acknowledge, and agree that this document may be executed in counterparts which are identical.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below the party's respective signature.

STEVEN VANOPDORP TRUCKING, INC. d/b/a
VANOPDORP TRUCKING, an Iowa foreign
corporation, and ANTHONY VANOPDORP, an
individual, Employer

By:     _____
        Anthony Vanopdorp, President
Date:   5.8.19

7

Curtis Craig, Driver
Date: _____

Arthur Todd McKee, Driver
Date: _____

Allen Goulding, Driver
Date: _____

Jacob Peterson, Driver
Date: _____  04/21/19

Curtis Hasselbacher, Driver
Date: _____

Michael Steele, Driver
Date: _____

Patrick Lee, Driver
Date: _____

8

# *Confidential*

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

THIS SETTLEMENT AGREEMENT AND RELEASE, hereinafter referred to as "Agreement," is entered into by and between STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, hereinafter collectively referred to as "Employer," and CURTIS CRAIG, ALLEN GOULDING, CURTIS HASSELBACHER, ARTHUR TODD MCKEE, PATRICK LEE, JACOB PETERSON, and MICHAEL STEELE, hereinafter individually referred to as "Driver" or collectively as "Drivers."

WHEREAS, Drivers were employed by Employer at various times from approximately June 2016 until March 2018;

WHEREAS, Drivers have filed a complaint in the United States District Court for the Central District of Illinois, Rock Island Division (Case No. 4:18-cv-04187) alleging certain violations of their rights under certain federal and state laws during the time that they were employed by Employer.

WHEREAS, the parties desire to settle fully and finally any and all differences between them, including, but not limited to, the case filed by Drivers against Employer in the above-entitled case.

NOW, THEREFORE, in consideration of the mutual promises, and other good and valuable consideration hereinafter described, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1

1.    Employer shall pay to Drivers, in addition to any wages or benefits already paid, the sum of ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($ 100,000.00), distributed to each Driver as indicated in the table below, less customary payroll withholding, THIRTY-FOUR THOUSAND FORTY-SIX AND 42/100 DOLLARS ($ 34,046.42) of which shall be paid to Seth R. Halpern (with an IRS Form 1099 to accompany such payment), and the balance shall be paid to Drivers fourteen (14) days from the later of court approval of this Settlement Agreement and Release pursuant to an Agreed Order or expiration of the seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement.

**Table 1. Distribution to Drivers (Before Withholding & Halpern Disbursement)**

| DRIVER | DISTRIBUTION |
|---|---|
| Curtis Craig | $9,421.94 |
| Allen Goulding | $9,421.94 |
| Curtis Hasselbacher | $9,421.94 |
| Patrick Lee | $9,421.94 |
| Arthur Todd McKee | $9,421.94 |
| Jacob Peterson | $9,421.94 |
| Michael Steele | $9,421.94 |
| **TOTAL** | $65,953.58 |

2.    This Settlement Agreement shall not be in effect until the later of expiration of the seven-day revocation period referenced in paragraph 3(c)(7) of this Agreement or the date Employer has received a Court Order approving this Settlement Agreement pursuant to an Agreed Order.

3.   GENERAL RELEASE BY DRIVERS

(a)      In consideration of the payment made by Employer, as set forth in Section 1 above, each Driver hereby releases and forever discharges the "Company Releasees" hereunder, defined as consisting of the Employer and, as the case may be, each of its associates; owners; parents; stockholders; affiliates; divisions; subsidiaries; predecessors; successors; assigns; agents; directors; officers; partners; employees; insurers; representatives; lawyers; employee welfare benefit plans and pension or deferred compensation plans under section 401 of the Internal Revenue Code of 1986, as amended, and their trustees, administrators and other fiduciaries and all persons acting by, through, under or in concert with them, or any of them, of and from any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liability, claims, demands, damages, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent (hereinafter called "Claims"), which each Driver now has against the Company Releasees, or any of them, by reason of any matter, cause, or thing whatsoever from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer, including any claims constituting, arising out of, based upon, or relating to Title VII of the Civil Rights Act, as amended; the Equal Pay Act, as amended;  the Employee Retirement Income Security Act, as amended; the Fair Labor Standards Act as amended, the Illinois Minimum Wage Law, as amended, the Illinois Wage Payment and Collection Act, as amended, and/or all other local, state, or federal law governing employment and/or the payment of wages or benefits.  The above release does not include any amount to which each Driver may be entitled to under the Employer's retirement plan (s) as such rights are established by the Plan Documents.

3

(b)     Each Driver acknowledges that he has received all compensation and benefits due him through the date of his termination and, without limiting the generality of the foregoing, each Driver acknowledges that he has received all vacation benefits he is entitled to receive and each Driver also acknowledges that he is not entitled to receive anything further from the Employer except as provided in this Agreement.

(c)     IN ACCORDANCE WITH THE OLDER WORKERS BENEFIT PROTECTION ACT OF 1990, EACH DRIVER IS AWARE OF THE FOLLOWING:

(1.)     HE HAS BEEN ADVISED AND HAS THE RIGHT TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS SEVERANCE AGREEMENT AND RELEASE;

(2.)     HE IS SIGNING THIS RELEASE IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH HE IS OTHERWISE ENTITLED;

(3.)     THAT THIS WAIVER SPECIFICALLY APPLIES TO ANY OF HIS RIGHTS AND CLAIMS ARISING UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT;

(4.)     THAT HIS RIGHTS AND CLAIMS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT WHICH ARISE AFTER THE EXECUTION OF THIS RELEASE ARE NOT WAIVED;

(5.)     HE UNDERSTANDS THE TERMS OF THIS AGREEMENT AND THE EFFECTS THEREOF;

(6.)     HE HAS TWENTY-ONE (21) DAYS FROM HIS RECEIPT OF THIS AGREEMENT TO CONSIDER THIS SEVERANCE AGREEMENT AND RELEASE; AND

(7.)     HE HAS SEVEN (7) DAYS AFTER SIGNING THIS SEVERANCE AGREEMENT AND RELEASE TO REVOKE THIS SEVERANCE AGREEMENT AND RELEASE, AND THIS SEVERANCE AGREEMENT AND RELEASE WILL NOT BE EFFECTIVE UNTIL THAT REVOCATION PERIOD HAS EXPIRED.

4.     The parties acknowledge and agree that this Agreement represents the settlement of any and all known, unknown, or unasserted claims, from the beginning of time to the date hereof arising out of, based upon, or relating to the hire, employment, remuneration, or termination of each Driver's employment with Employer, by each Driver against Employer and by Employer against each Driver, and shall not be deemed or considered as an admission of any wrongdoing or liability by the Company Releasees, which liability is expressly denied.

Employer hereby releases and discharges Drivers, their heirs, administrators, or executors from any and all known actions, causes of actions, suits, charges, claims, damages, and demands, in law or in equity, which Employer ever had, or has against Drivers, from the beginning of their employment with Employer to the date of this Agreement, arising out of, based upon, or relating to the hire, employment, remuneration or termination of each Driver's employment with Employer.

5.     In further consideration for this Agreement, each Driver agrees he will never institute any action or suit at law or in equity against the Company Releasees, nor institute, prosecute or in any way aid in the institution or prosecution of any claim, demand, action, or cause of action for damages, costs, loss of services, expenses, or compensation of any kind for or on account of any damage, loss or injury, whether developed or undeveloped, resulting or to result, known or unknown, past or present, arising out of his former employment or the termination of his employment with Employer.  Notwithstanding the foregoing, this Agreement does not prevent each Driver from pursuing any right or claim which cannot be waived by law, including the right to file a charge of discrimination with the Equal Employment Opportunity Commission.

By signing this Agreement, each Driver agrees to waive his right to become, and promises not to become, a member of any class action in any proceeding or case in which a claim against Company Releasees may arise, in whole or in part, from any event which occurred before or as of the date of this Agreement.

If a claim, charge or lawsuit is filed against any of the Company Releasees by a Driver (or by someone else including the Equal Employment Opportunity Commission) and the claim, charge or lawsuit involves his employment or termination of employment with Employer, each Driver hereby waives his right to receive any monetary sum or benefit in any way from a settlement or judgment of such claim, charge or lawsuit including claims based on any federal or state discrimination law, except where prohibited by law.

6.     Drivers and Employer agree to keep the nature, terms, and conditions of this Agreement strictly confidential, except that Drivers and Employer may share information concerning this Agreement with their respective legal counsel or tax adviser as necessary for purposes of legal or tax advice, and each Driver may additionally share such information with members of his immediate family consisting of his spouse and children, if any. Each Driver further agrees to instruct any such individual who Driver may inform of the nature, terms, and conditions of this Agreement of the confidential nature of the settlement, and to obtain a pledge from those individuals to maintain confidentiality.

7.     Drivers and Employer providing this Agreement to the Court for approval is not a violation of this Agreement. In response to a request for a reference from a prospective employer, Employer will provide only the Driver's dates of employment and position held.

8.    In further consideration for this Agreement, each Driver is further agreeing not to apply for employment with Employer, or its successors or affiliates, now or at any time in the future.

9.    This document constitutes and contains the entire understanding between the parties concerning the subject matter of this Agreement and supersedes all prior negotiations, proposed agreements, and understandings, if any, among the parties concerning any of the provisions of this Agreement.

10.   Each Driver acknowledges being advised in writing to consult with an attorney prior to executing this Agreement and that he has carefully read and fully understands all of the provisions of this Agreement and that he is voluntarily entering into this Agreement.

11.   The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the Employer may enforce the balance of this Agreement.

12.   The parties to this Agreement understand, acknowledge, and agree that this document may be executed in counterparts which are identical.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below the party's respective signature.

STEVEN VANOPDORP TRUCKING, INC. d/b/a VANOPDORP TRUCKING, an Iowa foreign corporation, and ANTHONY VANOPDORP, an individual, Employer

By:    _____
       Anthony Vanopdorp, President

Date:  5-8-19

7

Curtis Craig, Driver
Date: _____

Arthur Todd McKee, Driver
Date: _____

Allen Goulding, Driver
Date: _____

Jacob Peterson, Driver
Date: _____

Curtis Hasselbacher, Driver
Date: _____

*Michael Steele*
Michael Steele, Driver
Date: 4-22-19

Patrick Lee, Driver
Date: _____